WILLIAM HOLDEN et al., Respondents, *v.* SATIE E. KUTSCHER, Appellant.

(County Court, Fulton County, July, 1896.)

Married women — Liability for goods furnished for use on her separate property.

Defendant's husband purchased certain building material from the plaintiffs, who, upon being informed that the lot belonged to the defendant and her husband, said that they could have it. The lot, in fact, was owned by defendant, who was present when the material was delivered, and expressed herself as being glad that it had come. Held, sufficient to show that the purchase was made by defendant through her husband as agent, and that she was liable therefor.

APPEAL by the defendant from a judgment rendered against her in a Justice's Court. The defendant, who was a married woman, claimed the sale of the lumber in question was made to her husband.

The facts appear in the opinion.

Ralph Glasgow, for appellant.

Frank Talbot, for respondents.

KECK, J. The judgment rendered in the Justice's Court can be sustained only upon the theory that the sale of the lumber in question was to the defendant and not to her husband, and although the case is not free from doubt, I am, after a careful study of the testimony contained in the return, lead to believe that the finding of a sale to defendant must be upheld.

The plaintiff, Charles Holden, testified that Arthur Kutscher, the husband of the defendant, said he wanted some lumber to use in a house he was building; that he wished to pay part cash and wanted credit for the balance; that he asked who owned the lot on which he wanted to use the lumber, and was told that he and his wife owned it; and that he (plaintiff) then told him *they* could have the lumber, which was thereafter delivered. He further testified that he afterward called on the defendant and asked for pay, and she said she owned the lot at the time the lumber was delivered, and that plaintiff looked (that is, gave credit, I presume) to the parties who owned the property. The plaintiff's witness, Conrick, testified that he drew the lumber to defendant's premises; that defendant was present on the premises when he delivered the two first loads; that when he went with the first load, defendant said: "I am glad you have come and brought the lumber, so we can finish off the house," also, that he put the lumber where defendant directed, and that she was living in the house at the time. I think it may reasonably be inferred from the testimony, and the magistrate must so have found, that the husband was acting for his wife in the purchase of the lumber.

The plaintiff at the time the sale was made, after being told who owned the property on which the lumber was to be used, says: "I told him they could have the lumber," thereby implying that the credit was to be given to the owner, or owners, and not to some irresponsible person; the lumber was used to improve the defendant's property; she was present at its delivery and gave directions where it should be placed, and expressed herself as being glad it had come, thus implying that she had knowledge of its purchase and her willingness to receive it. In the absence of facts and circumstances showing more clearly that the sale was made and credit given to another, she should be held responsible for it.

The facts and circumstances of this case are clearly distinguishable from those in the case of Collins v. Fairchild, 17 N. Y. St. Repr. 545. In that case there was no evidence showing, or tending to show, that the defendant, who was a married woman, ever knew

of whom the lumber sought to be recovered for was purchased by her husband; the husband having worked, and otherwise had dealings with the plaintiff for several years prior to the purchase, and the credit was given to him and not to the wife, the owner of the property on which the lumber was used by the husband in erecting a barn. Nor is the case of Travis v. Scriba, 12 Hun, 391, cited by the learned counsel for the appellant, in point; for the reason that the purchase there made by the husband was in the absence of the wife, without her knowledge and consent, and the credit was given to him and not to the wife.

The following cases seem to be in point and controlling of the case in hand, viz.:

Mackay v. Webb, 25 N. Y. St. Repr. 308, wherein it was held: That where a married woman is present while work is being done upon her separate property, at the request of her husband, and makes no objection thereto, but consults her husband as to the work and place, such facts raise an implied promise on her part to pay therefor, and that she will be liable for the same.

In the case of Dorsey v. Pike, 32 N. Y. St. Repr. 258, it was held: That the defendant who was a married woman and who owned a stone quarry which was worked by her husband, there being some evidence tending to show that he was her agent, was liable for the purchase price of an engine and pump, which was used in the quarry with her knowledge.

In the case of Boynton v. Squires, 85 Hun, 128, it was held: That when services were rendered for the benefit of the separate estate of a married woman, with her knowledge, the presumption is that they were rendered at her request; and, also, that the fact that certain goods were charged to the husband does not necessarily relieve the wife from liability therefor, if the vendor did not know of her ownership of the property for the benefit of which the goods were purchased. If the proper rules of law were laid down in these cases, it must follow that the defendant in the case under consideration must be held to have been the purchaser of the lumber in question and liable for the purchase price thereof, and the judgment appealed from should be affirmed, with costs, and an order is directed to be entered accordingly.

Judgment affirmed, with costs.